IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE PROPERTY & CASUALTY COMPANY, ET AL. | § § § | PLAINTIFFS |
| v. | § § | CAUSE NO. 1:10CV501 LG-RHW |
| ELECTROLUX HOME PRODUCTS, INC., ET AL. | § § § | DEFENDANTS |

## ORDER DENYING MOTIONS

BEFORE THE COURT are the Motion [56] to Exclude Plaintiffs' Expert Testimony, and [58] for Summary Judgment, both filed by Electrolux Home Products, Inc.; the Plaintiffs' Motion [87] to Hold in Abeyance Certain Motions Filed by Defendant; the Joinders [91 & 92] in Electrolux's Motions filed by Spitfire Controls, Inc.; and Plaintiffs' Motion [98] to Hold in Abeyance Certain Motions Filed by Spitfire Control, Inc. After due consideration of these filings in light of the circumstances of this case, it is the Court's opinion that the motions should be denied.

DISCUSSION

Plaintiff Nationwide Property & Casualty Insurance Company insured Plaintiff Joseph Motes's home, which was destroyed by fire alleged to have been caused by a malfunctioning main control printed circuit board in his Tappan gas stove. The Plaintiffs initially alleged that Electrolux and John Does had some involvement in the manufacture and/or sale of the circuit board. The Plaintiffs later moved to amend their complaint to substitute Spitfire Controls, Inc., as manufacturer of the circuit board, for John Doe 1. While the request was under consideration, Electrolux filed a Motion to Exclude Plaintiffs' Expert Testimony and a Motion for Summary Judgment. Both

motions essentially argued that Plaintiffs had inadequate evidence to show that there was a defect in the Tappan gas stove or that Motes's injuries were caused by the stove.

The Magistrate Judge granted the Plaintiffs' request to amend their complaint, and determined that a case management conference would be conducted after the new Defendant, Spitfire, had filed a responsive pleading to the Amended Complaint. *See* Order Granting Motion to Amend and Modify Scheduling Order, Sept. 1, 2011, ECF No. 72. The Plaintiffs then requested that the Court abate consideration of Electrolux's motions until they had an opportunity to conduct discovery during the period to be established in the upcoming case management conference. Thereafter, Spitfire appeared and filed a Motion to Dismiss, or in the alternative, joinder in Electrolux's motions.

The Magistrate Judge has now conducted a case management conference, establishing a new discovery period and allowing the parties time to either designate experts or supplement expert reports. The Court therefore finds it appropriate to deny the summary judgment motions at this time, without prejudice to re-filing prior to the new dispositive motion deadline of April 16, 2012. Additionally, the challenges to Plaintiffs' experts will be denied without prejudice to reassertion after Defendants receive supplemental expert reports based on additional discovery. Although Spitfire's attempted joinders in Electrolux's motions are rendered moot by this Order, Spitfire's Motion to Dismiss pursuant to Rule 12(b)(6) remains pending.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [56] to Exclude Plaintiffs' Expert Testimony and the Motion [58] for Summary Judgment, both

filed by Electrolux Home Products, Inc., are **DENIED**.

      **IT IS FURTHER ORDERED AND ADJUDGED** that the Plaintiffs' Motion [87] to Hold in Abeyance Certain Motions Filed by Defendant, and Plaintiffs' Motion [98] to Hold in Abeyance Certain Motions Filed by Spitfire Control, Inc. are **DENIED**.

      **SO ORDERED AND ADJUDGED** this the 19th day of October, 2011

                              *s/Louis Guirola, Jr.*
                              Louis Guirola, Jr.
                              Chief United States District Judge